# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON V. ARRIAGA, #M48595, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 17−cv−1047−NJR ) ) |
| C/O THOMPSON, LT. WOLFE, JAMIE KAMIET, and C/O ENGLAND, | ) ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Brandon Arriaga, an inmate in Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at Pinckneyville Correctional Center ("Pinckneyville"). In his Complaint, Plaintiff claims he was attacked and harassed during his incarceration at Pinckneyville in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Pursuant to Federal Rule of Civil Procedure 8, in order to state a claim, a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1). "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Rule 8 also demands that a pleading contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a)(3).

Plaintiffs are also required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Moreover, vague references to a group of defendants, without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact

with respect to those defendants. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (finding dismissal of named defendant proper where plaintiff failed to allege defendant's personal involvement in the alleged wrongdoings); *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to dismiss the Complaint without prejudice.

### **The Complaint**

In his Complaint (Doc. 1), Plaintiff does not include a statement of claim, nor does he include a request for relief. In his list of defendants, Plaintiff claims that Defendant Thompson harassed him "before the access of force then multiple C/Os jumped him." (Doc. 1, p. 1). He also notes in his list of defendants that Defendant Wolfe "allowed officers to beat [him]." (Doc. 1, p. 2). Plaintiff also attached two documents labeled "affidavits" at the end of the Complaint. (Doc. 1, pp. 7-8). The first affidavit is signed by Dean Hampton. (Doc. 1, p. 7). It claims that on July 8, 2017, Hampton witnessed "many staff member of Pinckneyville C.C. make fun of Brandon Arriaga" when Arriaga told a C/O that he was hearing voices and requested a mental health doctor. *Id.* Hampton claims that a C/O cursed at Arriaga and told him that he had "something good on [his] tray." *Id.* Arriaga then exclaimed that "they put bugs in [his] food," and the C/Os laughed at him. *Id.*

The next document labeled affidavit was not signed, but it states that it was written by Arriaga. (Doc. 1, p. 8). In it, Plaintiff claims that he has a current charge of aggravated battery on a peace officer at Pinckneyville, but that he "was presently hearing voices in [his] head and [he] was being harassed by officers." *Id.* Plaintiff claims that he has bipolar, schizophrenia, ADHD, and PTSD. *Id.* Plaintiff further claims that he does not remember any assault, only arguing with

3

staff after "officers" brutally beat him. *Id.*

Plaintiff later filed a separate statement of claim and request for relief in this action. (Doc. 3). He expands on his allegations in the statement of claim, claiming that he was "brutally attacked by officers," tortured by bugs being put in his food, smacked, kicked, and kneed in the face, attacked by Orange Crush with a wooden stick, and his food was taken off of his trays. (Doc. 3, p. 1). On the page he titles "Amended Relief," he requests declaratory, monetary, and injunctive relief. (Doc. 3, p. 2).

## **Discussion**

Plaintiff's original Complaint violates Rule 8 for several reasons. Most obviously, it fails to include a statement of claim or request for relief. The allegations in the Complaint, including those in the attached affidavits, also do not associate Kamiet or England with any specific claims. His claims against Thomas and Wolfe, which are exclusively in the list of defendants, are incredibly vague and insufficient to state a claim for relief that is plausible on its face.

Plaintiff's second filing includes a statement of claim and request for relief, but it is problematic for multiple reasons. First, looking to the allegations presented in this document, Plaintiff still fails to associate any of the defendants with any particular allegations, so if the document were allowed to supplement the Complaint, it would not save it from dismissal. Second, the document is not an appropriate amended pleading. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Because of this, the Court will not accept piecemeal amendments to the original Complaint (Doc. 1). This document is not a complete amended complaint, but instead features a supplemental statement of claim and request for relief. It does not have a case caption, a list of defendants, or the

attachments included with the original Complaint. It therefore does not appear that Plaintiff intended this document to supplant the original Complaint, and even if he did, it would violate Rule 8 and be dismissed for failure to associate specific defendants with specific claims regardless.

For these reasons, the Complaint does not survive preliminary review and will be dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff will be granted leave to file an amended complaint.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **THOMPSON, WOLFE, KAMIET,** and **ENGLAND** are dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support an excessive force or harassment claim, within 28 days of the entry of this order (on or before **December 19, 2017**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) as Plaintiff has thus far failed to state a claim upon which relief may be granted with respect to this case.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-1047-NJR). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the alleged excessive force and harassment claims will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:  November 21, 2017**

_____
**NANCY J. ROSENSTENGEL
United States District Judge**