# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRANDON V. ARRIAGA,** | ) | |
| **#M48595,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 17−cv–1047−NJR** |
| **vs.** | ) | |
| | ) | |
| **C/O THOMPSON,** | ) | |
| **LT. WOLFE,** | ) | |
| **JAMIE KAMIET, and** | ) | |
| **C/O ENGLAND,** | ) | |
| | | |
| **Defendants.** | | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Brandon Arriaga commenced this action pursuant to 42 U.S.C. § 1983 on September 28, 2017. (Doc. 1). His Complaint did not survive threshold review under 28 U.S.C. § 1915, and it was dismissed for failure to state a claim upon which relief may be granted on November 21, 2017. (Doc. 9). The dismissal was without prejudice to Plaintiff filing a First Amended Complaint on or before December 19, 2017. That deadline has now passed. Plaintiff has not filed a First Amended Complaint. He also has failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, because the Complaint failed to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 27, 2017**

   s/Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**